UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZIRCONIA PUBLISHING, INC.., a Colorado corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE 1 A/K/A "JOANNAH CLARKSON", AND JOHN DOES 2-10, individuals or unknown entities.<br><br>Defendants. | NO.:  2:15-cv-00598<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY TO LEARN DEFENDANTS' IDENTITIES**<br><br>**NOTING DATE: APRIL 24, 2015** |

## I. INTRODUCTION

Plaintiff Zirconia Publishing, Inc. ("Zirconia") moves the Court for leave to take expedited discovery prior to the Rule 26(f) conference.

Zirconia's complaint seeks damages and injunctive relief relating to Defendants' wrongful, fraudulent transmission of a Digital Millennium Copyright Act ("DMCA") takedown notice (the "Notice"), pursuant to 17 U.S.C. § 512, to Amazon.com, Inc. ("Amazon") in connection with publication of the novel by Zirconia titled: *A Baby for My Billionaire Stepbrother* (the "Book"). Defendants' Notice falsely claimed that Defendant "Joannah Clarkson" – which on information and belief Zirconia alleges to be a pseudonym – owned the

PLAINTIFF'S REQUEST FOR LEAVE
TO CONDUCT LIMITED EARLY DISCOVERY - 1

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

U.S. copyright in the Book. The Notice caused Amazon to cease publication of the Book, resulting in considerable damages to Zirconia.

Zirconia seeks leave to take immediate discovery on third parties Amazon and Google, Inc. ("Google") to determine the true identities of the Defendants, including "Clarkson". Zirconia further seeks leave to take discovery on "Clarkson's" internet service provider ("ISP"), using the information Zirconia hopes to obtain from Amazon and Google. Without such discovery, Zirconia will be unable to identify the Defendants, and will be unable to pursue this lawsuit or prevent Defendants from filing additional wrongful DMCA notices against Zirconia.

The information that Zirconia seeks may only be available for a limited time, after which it will be permanently unavailable. If that occurs, Defendants' identities will never be known. Accordingly, Plaintiff seeks permission to conduct limited discovery prior to the Rule 26(f) conference.

## II. FACTS

Zirconia publishes romance novels, including the Book and *A Baby for My Billionaire Stepbrother 2*, *A Baby for My Billionaire Stepbrother 3*, *A Baby for My Billionaire Stepbrother 4*, and *A Baby for My Billionaire Stepbrother 5* (collectively [including the Book], the "Series"). (Declaration of Sean Hennessey ¶ 2.) Zirconia publishes the Series, including the Book, via Amazon's Kindle Direct Publishing ("KDP") service. (Hennessey Decl. ¶ 2.) Zirconia is duly authorized by the author of the Book – who holds all copyright in and to the Book and who assigned such copyrights to Zirconia – to publish the Book on Amazon. Defendants have no rights in the Book. (*Id*. ¶ 2.) On or around March 10, 2015, Defendants sent a fraudulent DMCA takedown notice to Amazon, requesting that Amazon cease publication of the Book. (Hennessey Decl. ¶ 3.)

On March 10, 2015, Zirconia's agent received an email from Amazon, which read, in relevant part:

"Hello,

PLAINTIFF'S REQUEST FOR LEAVE
TO CONDUCT LIMITED EARLY DISCOVERY - 2

focal PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

> We've received a notice from a third party claiming that the distribution of the following title you submitted for sale through the Amazon Kindle Store may not be properly authorized by the appropriate rights holder:
>
> B00TJ0LKVU A Baby for My Billionaire Stepbrother by Cassandra Zara
>
> As a result, we've suspended sales of this title, pending further investigation.
>
> Below is the contact information of the third party who claims you infringed its rights. We expect that you'll compensate this party appropriately for any infringing copies sold:
>
> Joannah Clarkson
> joannah.clarkson@gmail.com
>
> We take violations of intellectual property rights very seriously. The submission of titles that violate third-party rights is a violation of our agreement and may lead to suspension or termination of your account, among other remedies such as access to optional KDP services being revoked. Please ensure that you own sufficient rights for all your ebook titles to publish them on the Kindle."

(Hennessey Decl. ¶ 3.)  On information and belief, Zirconia believes that the name "Joannah Clarkson" is fictitious and the Notice was sent by a competitor or someone similarly situated. (Hennessey Decl. ¶ 3.)

After Amazon ceased publication of the Book, Zirconia contacted Amazon and was able to resume publication of the Book via KDP. (Hennessey Decl. ¶ 4.) However, the takedown resulting from Defendants' Notice resulted in significant adverse economic consequences to Zirconia, including lost sales, ratings, and algorithm-based suggestions.  (*Id*. ¶ 4.) Since the Book is the first novel in the Series, and most readers will not purchase sequels until they have read the first book in a series, Defendants' wrongful notice caused a decrease in Zirconia's sales of multiple books. (*Id*. ¶ 4.)

Zirconia alleges that Defendants knowingly and willfully misrepresented "Clarkson's" alleged rights in the Book to Amazon — when in truth "Clarkson" has no rights in the Book — and Defendants deliberately caused Amazon to cease publication of the Book, thereby causing damage to Zirconia.  Defendants' Notice falsely claimed that Zirconia was infringing "Clarkson's" copyright by causing the Book to be published via Amazon's Kindle publishing service for electronic books. (*Id*. ¶ 4.)

PLAINTIFF'S REQUEST FOR LEAVE
TO CONDUCT LIMITED EARLY DISCOVERY - 3

focal PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

Zirconia has searched for "Clarkson's" real identity using the information in Amazon's email regarding the Notice, but to no avail – "Clarkson" appears to be a pseudonym. (Hennessey Decl. ¶ 5.) Accordingly, to ascertain the true identity of "Clarkson", Zirconia seeks leave to subpoena Amazon, Google, and "Clarkson's" ISP for information that is reasonably expected to lead to the identification of the Defendants. (*Id*. ¶ 5.) "Clarkson" sent the fraudulent notice to Amazon, and "Clarkson" provided a Google email address to Amazon in connection with the Notice. "Clarkson" likely contacted Amazon, and sent Google emails from, an account connected with a specific ISP. Zirconia will not be able to identify that ISP without information Zirconia first obtains from Amazon and Google – particularly, the IP addresses from which "Clarkson" accessed her Amazon and Google accounts.

### III. ARGUMENT

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Sovereign Bank v. Terrence Scott Twyford, Jr.*, No. C11-1256RSM (W.D. Wash. Aug. 16, 2012) (adopting the "good cause" standard for motions for expedited discovery).

Courts routinely find good cause to permit early discovery for the limited purpose of identifying "Doe" defendants on whom process could not otherwise be served. *See, e.g., The Thompsons Film, LLC. v. Does 1-194*, Case No. 2:13-cv-00560-RSL (W.D. Wash. Apr. 1, 2013) (allowing early discovery from internet service providers because plaintiff cannot otherwise identify Doe defendants); *Digital Sin, Inc. v. Does 1-5698*, 2011 U.S. Dist. LEXIS 128033, 2011 WL 5362068 (N.D. Cal. 2011) (granting leave to subpoena internet service provider to identify Doe defendant).

PLAINTIFF'S REQUEST FOR LEAVE
TO CONDUCT LIMITED EARLY DISCOVERY - 4

focal PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

Zirconia respectfully requests leave to serve subpoenas immediately on Amazon, Google, and "Clarkson's" ISP, so Zirconia can learn the Defendants' true identities. Doing so will enable Zirconia to serve Defendants with the summons and complaint in this matter, amend its complaint to replace the fictitious names with the Defendants' true names, and join the proper Defendants in this case. Under Fed. R. Civ. P. 26(d)(1), leave of Court is required before Zirconia can serve the subpoenas until the parties have conferred, but Zirconia cannot confer with Defendants until it learns their true identities. The Court should grant Zirconia's motion to resolve this dilemma and enable this litigation to proceed.

## IV.   CONCLUSION

Zirconia cannot identify the Defendants without obtaining information from Amazon, Google, and "Clarkson's" ISP. Zirconia respectfully requests that this Court permit the limited expedited discovery requested, so that Zirconia can discover Defendants' true identities and proceed with this lawsuit.

Respectfully submitted, and dated this 15th day of April, 2015.

**Focal PLLC**

*/s/ Randall Moeller* _____
Randall Moeller, WSBA # 21094
*/s/ Venkat Balasubramani*
Venkat Balasubramani, WSBA # 28269
800 Fifth Ave., Suite 4100
Seattle, WA 98104
Tel: (206) 529-4827
Fax: (206) 260-3966
venkat@focallaw.com
randy@focallaw.com

*Attorneys for Plaintiff*

PLAINTIFF'S REQUEST FOR LEAVE
TO CONDUCT LIMITED EARLY DISCOVERY - 5

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966